UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIAN SHIPLEY,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC and FAIR
COLLECTIONS & OUTSOURCING,
INC.;

    Defendants.

Case No. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sian Shipley brings this action against Defendants Equifax Information Services LLC and Fair Collections & Outsourcing, Inc., and alleges:

### Introduction

1. This is an action for actual, statutory, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

2. In or around May 2020, Plaintiff discovered through a free credit-monitoring service that a few fraudulent, adverse accounts not belonging to her were inaccurately reporting to the credit reporting agencies. There were two

1

collections accounts on behalf of apartment communities located in Atlanta, Georgia – one named Berkshire Terminus and the other named Camden Paces. Plaintiff has never had an apartment at either community and has, in fact, never lived in Georgia. Plaintiff repeatedly disputed the accounts with the credit reporting agencies but Defendants failed to perform a reasonable investigation and remove the inaccurate accounts.

3. Plaintiff brings claims for actual and punitive damages against Defendants for their inaccurate reporting, and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

## Jurisdiction, Venue and Parties

4. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Personal jurisdiction exists over Defendants as they regularly conduct business in the State of Georgia.

6. Venue is appropriate in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Fulton County, Georgia.

7. Plaintiff is a natural person residing in McHenry County, Illinois.

8. Plaintiff is, and was, at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Equifax Information Services LLC's ("Equifax") registered agent in the State of Georgia is Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092

10. Equifax regularly conducts business in the State of Georgia.

11. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Defendant Fair Collections & Outsourcing, Inc. ("FCO") is a corporation formed in Maryland with its principal place of business located at 12304 Baltimore Ave., Ste E, Beltsville, MD, 20705. FCO regularly conducts business in the State of Georgia, through its registered agent; Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

13. FCO is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2(b).

**General Allegations**

14. On October 16, 2014, someone unknown to Plaintiff used the name Sian Brown to enter into an apartment lease at the Camden Paces apartments in Atlanta, Georgia.

15. Sometime in 2015, someone unknown to Plaintiff used the name Sian Brown to enter into an apartment lease at the Berkshire Terminus apartments in Atlanta, Georgia.

16. Sian Brown is Plaintiff's maiden name.

17. Plaintiff married in 2011 and changed her name to Sian Shipley.

18. Plaintiff has used her legal name, Sian Shipley, since 2011.

19. Plaintiff has never lived in, or rented an apartment in Georgia.

20. Plaintiff began to receive debt collection letters for past due debts owed on the apartment leases for the Camden Paces and Berkshire (or Crescent) Terminus apartments.

21. Plaintiff was told during a phone call with Berkshire Terminus that on May 14, 2015, someone named Bernard Calhan had been evicted from the Berkshire Terminus apartment Plaintiff was falsely alleged to have leased. Plaintiff does not know anyone named Bernard Calhan.

22. On or about May 8, 2020 Plaintiff saw that Equifax was reporting a collections account on her credit report that did not belong to her.

23. The collections account Equifax was reporting was for a company called Fair Collections & Outsourcing ("FCO"). The original creditor was listed as Berkshire Terminus and the outstanding amount owed was $7,001.

24. In or around May 2020, Plaintiff saw that Trans Union was reporting two collections accounts on her credit report that did not belong to her.

25. The first collections account Trans Union was reporting was for a company called Fair Collections & Outsourcing ("FCO"). The original creditor was listed as Berkshire Terminus and the outstanding amount owed was $7,001.

26. The second collections account Trans Union was reporting was for Hunter Warfield. The original creditor was listed as Camden Paces and the outstanding amount owed was $8,151.

27. In or about May 2020, Plaintiff disputed the FCO account with Equifax and explained the account was not hers.

28. In or about May 2020, Plaintiff disputed the FCO account and the Hunter Warfield account with Trans Union and explained that the accounts were not hers.

29. On June 2, 2020, Equifax sent Plaintiff the results of its investigation and verified the FCO collections account as accurate.

30. On the same day, June 2, 2020, Trans Union sent Plaintiff the results of its investigation and verified the FCO and Hunter Warfield collections accounts as accurate.

31. On June 12, 2020, FCO sent client a letter addressed to "Sian Brown", the Plaintiff's maiden name, which was not her name at the time the apartment in question was leased. In 2015.

32. The letter from FCO was in an attempt to collect the Berkshire Terminus/Berkshire Communities debt, FCO account number 4042005, now in collections.

33. On July 27, 2020, Plaintiff saw that Equifax continued to report the FCO collections account on her credit report that did not belong to her.

34. The Equifax report showed an additional collections account was being reported for a company called Hunter Warfield, Inc. ("Hunter Warfield"). The original creditor was listed as Berkshire Terminus and the outstanding amount owed was $8,215.

35. On or about August 17, 2020, Plaintiff sent a dispute letter to Trans Union via USPS Certified Mail. The letter explained, again, that the FCO account and the Hunter Warfield account were not hers.

36. On or about September 3, 2020, Plaintiff sent a dispute letter to Equifax via USPS Certified Mail. The letter explained, again, that the FCO account and the Hunter Warfield account were not hers.

37. On or about September 14, 2020, Plaintiff sent another dispute letter to Equifax via USPS Certified Mail. The letter explained, again, that the FCO account and the Hunter Warfield account were not hers.

38. On September 23, 2020, Equifax sent Plaintiff the results of its investigation and verified the FCO and Hunter Warfield collections accounts as accurate.

39. As a result of the inaccurate credit reporting and failure to conduct reasonable reinvestigations, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit;

    ii. Loss of time attempting to cure the error;

    iii. Mental anguish, stress, aggravation, embarrassment, marital discord, and other related impairments to the enjoyment of life; and

      iv.    The inability to obtain financing for a house;

40.    All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violations of the FCRA § 1681s-2(b) by FCO)

41.    Plaintiff re-alleges and incorporates paragraphs 1 through 40, including all subparts, as if fully set forth herein.

42.    FCO is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

43.    FCO published false information regarding Plaintiff's alleged debt obligation and the FCO account to the credit reporting agencies, like Equifax and Trans Union, and through those same credit reporting agencies to all of Plaintiff's potential lenders.

44.    On one or more occasions within the past two years, by example only and without limitation, FCO violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

45.    When Plaintiff mailed her written disputes and enclosures, or completed online disputes to consumer reporting agencies (CRAs), those CRAs

8

used a dispute system called "e-OSCAR" which has been adopted by the CRAs and by their furnisher-customers such as FCO. It is an automated system and the procedures used by the CRAs are systematic and uniform.

46. When a CRA receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

47. The ACDV form is the method by which FCO has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

48. Based on the manner in which Equifax and Trans Union responded or failed to respond to each of Plaintiff's disputes, representing that FCO had verified the supposed accuracy of its reporting, Plaintiff alleges that Equifax and Trans Union did in fact forward ACDV(s) to FCO.

49. FCO understood the nature of Plaintiff's disputes when it received the ACDV(s) from Equifax and Trans Union.

50. FCO violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of FCO's representations; by failing to review all relevant information regarding same; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of FCO's representations to the consumer reporting agencies.

51. FCO violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after FCO had been notified of the dispute and that the information was inaccurate.

52. FCO violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after FCO had been notified of the dispute and that the information was inaccurate.

53. FCO knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the lease and debt in question. Further, FCO had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

54. As a result of FCO's conduct, action and inaction, Plaintiff suffered damage by denial of a potential apartment, loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

55. FCO's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n.

In the alternative, FCO was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Fair Collections & Outsourcing, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violations of the FCRA § 1681i(a) by Equifax)

56. Plaintiff re-alleges and incorporates paragraphs 1 through 40, including all subparts, as if fully set forth herein.

57. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

58. Plaintiff told Equifax that she had already tried to fix the fraudulent account with the furnishing entities, including FCO, but that the furnishers still refused to remove the fraudulent account. Plaintiff explained to Equifax that she changed her name to Sian Shipley when she was married in 2011. Plaintiff

explained that there were collection accounts for apartments where she has never lived.

59. Equifax took no independent action to investigate the dispute or to determine whether Plaintiff was the victim of identity theft.

60. Equifax failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Equifax chose to ignore all the information provided in the dispute and rely solely on the information provided by FCO. Plaintiff even provided her contact information, but Equifax made no attempt to contact her to obtain any additional information if any was needed.

61. Equifax chose to ignore this information and simply parroted the information provided by the furnisher.

62. As a result of Equifax's conduct, action and inaction, Plaintiff suffered actual damages in the form of lost loan and credit opportunities, credit denials, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Equifax, as well as emotional distress.

63. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Services LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT III
### (Violations of the FCRA § 1681e(b) by Equifax)

64. Plaintiff re-alleges and incorporates paragraphs 1 through 40, including all subparts, as if fully set forth herein.

65. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66. Plaintiff never applied for any apartment in Georgia. Plaintiff has never lived in Georgia. Equifax has access to Plaintiff's address history yet it allowed for the fraudulent accounts to remain. Equifax's procedures allowed for the account to be reported on Plaintiff's Equifax credit report despite the absence of any evidence Plaintiff ever lived in Georgia.

67. As a result of Equifax's conduct, action and inaction, Plaintiff suffered actual damages in the form of lost loan and credit opportunities, credit defamation, credit denials, time and expense dealt with repeatedly disputing the accounts and communicating with Equifax, as well as emotional distress.

68. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o.

69. Plaintiff is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Services LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*s/ Octavio Gomez*_____
Octavio Gomez
Georgia Bar No. 617963
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
TGomez@ForThePeople.com
JKersey@ForThePeople.com
TDowdy@ForThePeople.com
*Attorney for Plaintiff*